FRANCIS J. CURRAN, FRANCIS J. MAGUIRE, and IRA F. JONES, JR., Plaintiffs-Petitioners,

*vs.*

J. DONALD CRAVEN, Attorney General of the State of Delaware, Defendant.

*New Castle, September 25, 1956.*

*Irving Morris,* of Cohen & Morris, Wilmington, for plaintiffs-petitioners.

*J. Donald Craven,* Atty. Gen. of the State of Delaware, for defendant.

SEITZ, Chancellor: In 1948 petitioners were convicted of rape and sentenced to life imprisonment by what is now the Superior Court. They are now serving those terms. In 1954 they filed a motion in the Superior Court pursuant to *Rule* 35 of the Criminal Rules of that Court, *Del.C.Ann.,* seeking to obtain relief from those sentences on the ground that they had not received a fair trial as required by the Fourteenth Amendment to the U. S. Constitution. They allege in particular:

> "5. At their trial petitioners' credibility was destroyed by the false testimony and unlawful conduct of Wilmington police officers, particularly the false testimony and unlawful conduct of John Rodenhiser, then a detective in the Wilmington Police Department, who (1) testified falsely concerning petitioners' alleged written statements in evidence; (2) unlawfully destroyed petitioners' voluntary statements; (3) secured petitioners' signatures to involuntary statements by deception; (4) unlawfully witnessed petitioners' signatures to statements in evidence; (5) inserted in the involuntary statements in evidence incriminating language; (6) testified falsely that statements in evidence were read in the presence of petitioners, prosecuting witness, and police officers; and (7) deliberately concealed from the trial court and jury the destruction of petitioners' voluntary statements, falsely denying the existence at any time of any statements other than those introduced in evidence."

In their hearing to obtain relief, petitioners showed that Rodenhiser did not testify fully and truthfully at the original trial, at least in some particulars. However, both the Superior Court and the Supreme Court of Delaware concluded that Rodenhiser's false testimony did not deprive petitioners of a fair trial and thus they refused to grant any relief. *State v. Curran,* 49 *Del.* 350, 116 *A.2d* 782; *Curran v. State,* 49 *Del.* 587, 122 *A.2d* 126.

Petitioners now, by petition for *certiorari* filed with the U. S. Supreme Court, seek to have that Court determine that the Delaware courts committed error in determining that petitioners had a fair trial in the constitutional sense. Petitioners' reply brief in the U. S. Supreme Court is due September 28, 1956.

Petitioners recently discovered what they believe may be new evidence tending to bolster their contention that Rodenhiser lied in material respects when he testified at the original trial. This so-called new evidence, which gives rise to the present petition, arises out of the following circumstances. Recently, in connection with disciplinary proceedings by a police board of the Wilmington Police Department against Rodenhiser, a psychiatric report on Rodenhiser was requested by counsel for him and was acceded to by the Board. A psychiatric report was submitted by the State Psychiatrist who also gave a copy to the Attorney General, although the proceeding did not directly involve his office.[1]

When petitioners learned that the Attorney General had a copy they brought this action seeking an order which would compel the Attorney General to turn the report over to them for their inspection and copying. Petitioners in substance allege on information and belief that they believe it may be of use to them in showing to the United States Supreme Court that they did not in fact receive a fair trial.

Paragraphs 14 and 15 of the petition read as follows:

"14. On information and belief, counsel for petitioners avers that the psychiatric report contains information bearing upon the ability and capacity of Rodenhiser to tell the truth and indicates that his mental condition affecting his ability and capacity to tell the truth has persisted for some time in the past including the time when he testified at petitioners' trial and at the hearing on their motion under Rule 35.

"15. Assuming the accuracy of petitioners' counsel's information and belief, the psychiatric report is of materiality and relevancy to petitioners' pending proceeding in the Supreme

---

1. It has not been made public.

Court to the extent it implies or concludes that John Rodenhiser is not capable in many instances of telling the truth which might well indicate that the Delaware courts were in error in accepting Rodenhiser's denial of differences between petitioners' initial voluntary statments and the statements introduced in evidence. which factual conclusion was of importance in the determination of petitioners' motion under Rule 35 in the Delaware Courts."

Petitioners invoke the historic jurisdiction of equity courts to grant bills of discovery to procure evidence for use in other courts. Petitioners contend that they could not obtain this report under any existing statute or rule of the Supreme Court of the United States or of the Supreme or Superior Courts of Delaware.

The Attorney General objects to the petitioners' request principally on the grounds that this court lacks jurisdiction to grant discovery in a criminal proceeding and, in any event, has no power to act where the litigation is presently pending before the U. S. Supreme Court. The Attorney General raises no question concerning the propriety of an action against him.

The jurisdiction of equity to grant discovery in actions at law is too well settled to be disputed. However, petitioners seek discovery to procure possible evidence for use in a criminal proceeding. The fact that they seek it to use in the U. S. Supreme Court cannot obscure that fact. No case precisely similar to the present is cited. However, it is flatly stated in 1 *Pomeroy, Equity Jurisprudence,* (5th ed. Symons) § 197 as follows:

> "The cause of action or the defense which can be aided by a suit for discovery must furthermore be wholly civil in its nature. The auxiliary jurisdiction of discovery will only be exercised on behalf of a contention, action, or defense entirely civil; and it will therefore withhold its aid from criminal prosecutions, * * *"

The author re-enforces what he means by the quoted language when in § 207A he states:

> "We have already seen (§ 197) that a court of equity will not order a discovery in a criminal case."

See to the same effect, 3 *Story's Equity Jurisprudence,* (14*th ed.*) § 1942; and see *Price v. Tyson,* 3 *Bland, Md.,* 392; *Montague v. Dudman,* 28 *Eng.Rep.* 253.

Petitioners seem to suggest that the quoted limitation only applies where the discovery sought might be incriminating, etc. I do not believe this is so. Equity has historically interfered with criminal prosecutions only under the most limited circumstances. The policy behind this restraint is clear, apart from the desirability of the orderly trial of such cases. The administration of criminal justice has been given a particular court (here the Superior Court) and rules governing such proceedings are provided for and applied by that Court.

But petitioners' basic contention is that no device is provided by the Superior Court, the Supreme Court of Delaware or the U. S. Supreme Court which would enable them to obtain the report. They say Chancery is the only court which has a remedy by which production of the report can be required. Assuming that we can consider the adequacy of the remedy in the criminal courts, let us consider petitioners' contentions. First of all, the report is nothing more nor less than the written opinion of the State Psychiatrist who along with his records is subject to the subpoena power of the Superior Court. Moreover, if the psychiatric report contains material which might reasonably tend to show that petitioners were denied a fair trial in the constitutional sense I am unwilling to assume that either our Superior Court or our Supreme Court would not find a way to make such information available to petitioners upon a proper application. Certainly, in any event, the U. S. Supreme Court would find a way. Nor do I think the matter is changed by the fact that this is merely discovery seeking possible evidence.

But petitioners say that the Supreme Court will have nothing before it if they cannot refer to or append the report. My answer must be that I do not believe the U. S. Supreme Court would refuse to remand the case on petitioners' application if it felt that petitioners should have an opportunity to bring this matter before the Delaware courts having jurisdiction of criminal matters of this type. After all, at best this report is but further possible evidence. I cannot believe

the Supreme Court would find it conclusive in connection with the rape trial.

 I therefore conclude that this court lacks jurisdiction to grant the prayers of this petition and an order may be submitted dismissing the petition. In reaching this conclusion I naturally intend to express no opinion concerning the merits of the application or the other defenses advanced by the Attorney General.

Order on notice.